2022-2156, 2022-2157, 2022-2158, 2022-2159

# United States Court of Appeals
# for the Federal Circuit

GUI GLOBAL PRODUCTS, LTD., dba GWEE,

*Appellant*

v.

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC.,

*Appellees*

---

*On Appeal from the Patent and Trademark Office, Patent Trial and Appeal Board
in Nos. IPR2021-00335, IPR2021-00336, IPR2021-00337, IPR2021-00338*

**REPLY BRIEF OF APPELLANT**

---

April 5, 2023

Alistair B. Dawson
Parth S. Gejji
BECK REDDEN LLP
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

/s/ John J. Edmonds
John J. Edmonds
Stephen F. Schlather
EDMONDS & SCHLATHER, PLLC
2501 Saltus Street
Houston, Texas 77003
Telephone: (713) 364-5291
Facsimile: (713) 222-6651

*Counsel for Appellant,
GUI Global Products, Ltd. dba Gwee*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ vi

I.      INTRODUCTION ........................................................................ 1

II.     ARGUMENT ............................................................................... 3

A.   With Respect to the fictional "Figure A" device fundamental to the Board's determinations, Samsung fails to defend the Board's findings lacking substantial evidentiary support, its abuse of discretion, or its violation of the APA. ............................................................................................... 3

   1.   Samsung fails to show substantial evidentiary support for the Board's finding that Kim discloses Samsung's "Figure A" device. ................................. 3

   2.   Samsung fails to show substantial evidentiary support for the Board's finding that Kim renders obvious Samsung's "Figure A" device. ................................ 8

   3.   Samsung's defense of the Board's abuse of discretion and APA violation in relying upon the re-engineered "Figure A" device from Samsung's Reply lacks merit. ............................................................................................... 9

   4.   Samsung's argument that Gwee had "ample opportunity" to respond to Samsung's Reply misses that the Board's Rules prohibited Gwee from submitting rebuttal evidence. ............................................................. 10

*5.* Samsung's attempt to recast its improper gap-filling as fair game for a Reply is meritless. The notion that Samsung should not have expected Gwee to note the glaring deficiencies in its "Figure A" device comprising hinge 100d is groundless. ...................................................................................... 11

*6.* Samsung's attempt to parse and spin the Board's Decisions as not reliant upon Samsung's re-engineered "Figure A" is meritless. ............................................. 13

*7.* If Samsung is correct that the Board did not rely upon its re-engineered "Figure A" device, then it makes Gwee's case that the Board's unpatentability determinations lack substantial evidence. ........................................................... 16

B. Samsung has not shown that Kim discloses a "switching device" when correct ordinary meaning is applied. When Gwee argued for ordinary meaning of "switching" device, it did not waive objection to the Board's incorrect determination of that ordinary meaning. ........................................................... 17

*1.* Gwee did not waive its objection to the Board's incorrect implicit determination of the ordinary meaning of "switching device." ................................................ 17

*2.* Kim's operational mode changes, for example changing a display, do not provide substantial evidence of the "switching" aspect of a "switching device." ...................................................................................... 19

C. Samsung's attempt to justify the Board's APA violation and lack of substantial evidence for what Kim allegedly "teaches or suggests" about on/off  is

meritless. ...........................................................................................21

1.  Samsung's argument that Gwee invited the Board to use its own theory during argument on a different claim element is meritless. ..........................................21

2.  The Board's theory for the '021, '077 and '320 IPRs that the "switching device" limitation is satisfied based on what Kim "teaches or suggests" about "turning on or off" lacks substantial evidentiary support because the Board is backward on which device is the "switching device."  Samsung's vague citation to non-existent disclosure in Kim is unavailing. .................................23

D.  Samsung's attempt to defend the Board's conflicting and unsupported conclusions for the "plays…a remote device" element is meritless, and Samsung's attempt to dismiss the Board's error as a harmless typo is groundless. ..........................................................................................24

1.  The Board's erroneous conclusion in the '077 IPR decision that the electronic device "plays or pauses a remote device" limitation is obvious is an APA violation and not a harmless typo. ....................................................24

2.  Samsung's attempt to defend the Board's finding in the '320 IPR decision that Kim's watch-type electronic device "plays or pauses a remote device" misses that combining embodiments is an obviousness theory. ...................................26

E.  Samsung's attempt to defend the far-fetched Kim-Koh combination is meritless, it misinterprets Gwee's alleged "concession," and it cannot change

the fact that the Board merely "considered" Samsung's arguments and failed to articulate a motivation to combine. ..................................................................28

III.    CONCLUSION AND PRAYER FOR RELIEF ................................................32

Certificate of Service..........................................................................................33

Certificate of Compliance with Type-Volume Limitation, Type-Face Requirements, and Type-Style Requirements ..................................................................34

## TABLE OF AUTHORITIES

**Cases**

*Acceleration Bay, LLC v. Activision Blizzard Inc.*, 908 F.3d 765 (Fed. Cir. 2018) ........... 13

*Alacritech, Inc. v. Intel Corp.,* 966 F.3d 1367 (Fed. Cir. 2020) ......................................... 23

*Apple Inc. v. Andrea Elecs. Corp.*, 949 F.3d 697 (Fed. Cir. 2020) .................................... 14

*Ariosa Diagnostics v. Verinata Health, Inc.,* 805 F.3d 1359 (Fed. Cir. 2015) ................. 13

*Beckmann v. Gandhi*, 646 Fed. Appx. 950, 2016 U.S. App. LEXIS 7754 (Fed. Cir. April 29, 2016) ......................................................................................................................... 20

*Bradium Techs. LLC v. Iancu*, 923 F.3d 1032  (Fed. Cir. 2019) ........................................ 20

*Consol. Edison Co. v. NLRB*, 305 U.S. 197, 59 S. Ct. 206 (1938) ...................................... 3

*Cyanotech Corp. v. The Board of Trustees of the Univ. of Illinois*, IPR2013-00401, Paper 44 (PTAB June 6, 2014) ............................................................................................... 11

*Default Proof Credit Card Sys. v. Home Depot U.S.A., Inc.,* 412 F.3d 1291 (Fed. Cir. 2005) ....................................................................................................................... 8

*Dell Inc. v. Acceleron, LLC*, 818 F.3d 1293 (Fed. Cir. 2016) ........................................... 10

*EmeraChem Holdings, LLC v. Volkswagen Grp. of Am., Inc.*, 859 F.3d 1341 (Fed. Cir. 2017) ........................................................................................................................ 10

*Google Inc. v. Visual Real Estate, Inc.*, IPR2014-01340, Paper 38 (PTAB Feb. 25, 2016) ............................................................................................................................... 11

*Google, Inc. v. Mindbasehq, LLC*, IPR2021-01251, Paper 40, 2023 Pat. App. LEXIS 82

(PTAB Jan. 6, 2023) ................................................................................... 11

*Honeywell Intern. Inc v. Mexichem Amanco Holding S.A. DE C.V.*, 865 F.3d 1348 (Fed.

    Cir. 2017) .............................................................................................. 29

*In re Chuang*, 603 Fed. Appx. 941(Fed. Cir. 2015) ...................................... 20

*In re ThermoLife Int'l LLC*, 796 F. App'x 726 (Fed. Cir. 2020) ....................... 27

*In re Watts*, 354 F.3d 1362 (Fed. Cir. 2004) ................................................ 27

*Intel Corp. v. Qualcomm Inc.,* 21 F.4th 784 (Fed. Cir. 2021) ........................... 7

*Karsten Mfg. Corp. v. Cleveland Golf Co.*, 242 F.3d 1376 (Fed. Cir. 2001) ............. 26, 28

*Mallinckrodt Pharm. Ir. Ltd. v. Biovie, Inc.*, IPR2018-00974, Paper 34 (PTAB Nov. 13)11

*Merck & Co. v. Teva Pharms. USA, Inc.*, 395 F.3d 1364 (Fed. Cir. 2005) ................. 19

*Microsoft Corp. v. Biscotti, Inc.,* 878 F.3d 1052 (Fed. Cir. 2017) ................. 26, 28

*Microsoft Corp. v. FG SRC, LLC*, 860 Fed. Appx. 708,  2021 U.S. App. LEXIS 18040

    (Fed. Cir. June 17, 2021) ........................................................................ 20

*Navistar, Inc. v. Fatigue Fracture Tech., LLC*, IPR2018-00853, 2019 Pat. App. LEXIS

    13052  (PTAB Aug. 29, 2019)................................................................... 11

*NuCurrent, Inc. v. Samsung Elecs. Co.*, 2022 U.S. App. LEXIS 19409 (Fed. Cir. July 14,

    2022) ...................................................................................................... 20

*Phillips v. AWH Corp.,* 415 F.3d 1303, 1318 (Fed. Cir. 2005) ........................... 8

*Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396 (Fed. Cir. 2004) ............. 20

*Raytheon Co. v. Sony Corp.*, 727 Fed. App'x. 662, 2018 U.S. App. LEXIS 8584 (Fed.

    Cir. 2018) .............................................................................................. 19

*Rivera v. ITC,* 857 F.3d 1315 (2017) ................................................................. 7, 8

*Sirona Dental Sys. GmbH v. Institut Straumann AG*, 892 F.3d 1349 (Fed. Cir. 2018) ..... 23

*Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, 8 F.4th 1349 (Fed. Cir. 2021) ....................... 3

*TQ Delta, LLC v. Cisco Sys.,*, 942 F.3d 1352 (Fed. Cir. 2019) ........................................... 7

## Statutes

5 U.S.C.  556(d) ......................................................................................... 10

5 U.S.C. §§554(b)-(c) ............................................................................... 10, 23

5 U.S.C. §557(c) ........................................................................................ 23

## Rules

37 C.F.R. § 42.23(b) ................................................................................... 11

PTAB Consolidated Trial Practice Guide, 73 ................................................... 11

PTAB Consolidated Trial Practice Guide, 79 ................................................... 11

# I.    INTRODUCTION

Gwee's Opening Brief demonstrates that the Board abused its discretion and violated the Administrative Procedure Act ("APA") by allowing Samsung to make its case for obviousness based on a re-engineered "Figure A" device asserted in Samsung's Replies, and that the Board's conclusions based upon Samsung's "Figure A" device lack substantial evidentiary support.  Samsung mis-states the grounds relied upon by the Board and fails to rebut these glaring errors.

Gwee's Opening Brief also demonstrates the error in the Board's implicit construction of "switching device" and the lack of substantial evidence of that element common to all challenged claims.  The Board's equating of a mere "status change" with a "*switching* device" does not accord with ordinary meaning or substantial evidentiary support.  Samsung's waiver argument misses that Gwee argued for a correct ordinary meaning, not the incorrect one applied by the Board.

Gwee's Opening Brief also demonstrates that, to the extent the Board's footnotes discussing "turning on or off" are a basis for its finding the "switching device" element met, those footnotes violate the APA by substituting the Board's theory for Samsung's. Samsung's argument that Gwee somehow invited the Board to use a different unpatentability theory than Samsung's is meritless.  Irrespective of the APA violation, Gwee's Opening Brief demonstrates for the '021, '077 and '320 IPRs that Kim actually discloses a sub-device turning on/off a main device, not a main device turning on/off a sub-device.

1

Samsung's vague citations purporting to show Kim's disclosure of this functionality are meritless.

Gwee's Opening Brief demonstrates how the Board's inconsistent findings on the "paus[ing] or play[ing] a remote device" element are both lacking substantial evidentiary support. Samsung's attempt to dismiss the Board's improper obviousness determination in the '077 IPR as a typo is meritless. Gwee also demonstrates that for the '320 IPR, the Board concluded the element was met, although it actually applied its own obviousness theory. Samsung fails to appreciate that the Board's combining different Kim embodiments is an obvious theory.

As to the "wireless earplugs" element in the '021, '077 and '320 patents, Gwee's Opening Brief demonstrates that the Board's only explanation for this limitation being obvious over Kim and Koh was to repeat what "Petitioner contends." Samsung's fails in its attempt to parse, spin and build assumptions into the Board's Decisions.

Finally, Gwee's Opening Brief demonstrates that only through hindsight would a POSITA have engineered a Kim-Koh combination to arrive at the claimed inventions. Samsung's Brief does not show otherwise. Gwee has also shown that the Board did not find any motivation to combine. Samsung's attempt to again parse and spin the Board's Decisions also fails. Finally, Samsung's argument that Gwee "essentially conceded" the obviousness of a combination meeting the requirements of the claims is meritless.

## II.    ARGUMENT

**A.    With Respect to the fictional "Figure A" device fundamental to the Board's determinations, Samsung fails to defend the Board's findings lacking substantial evidentiary support, its abuse of discretion, or its violation of the APA.**

*1.*    **Samsung fails to show substantial evidentiary support for the Board's finding that Kim discloses Samsung's "Figure A" device.**

Gwee's Opening Brief establishes that the Board's finding that Kim discloses Samsung's "Figure A" device lacks substantial evidentiary support.[1] Samsung's argument that the Board's finding should be upheld as "plausible"[2] is mistaken in two respects.  First, mere plausibility is not the standard for substantial evidence review.  Rather, a finding is supported by substantial evidence if a reasonable mind might accept the evidence as adequate to support the finding.[3] Second, even if mere plausibility was the standard, it is not plausible that Kim describes a watch-embodiment that is non-functional and unsuitable for its clear and stated purposes. Gwee's evidence is unrebutted that the "Figure A" device

---

[1] Gwee's Opening Brief ("OpBr."), 20-27.
[2] Samsung's Response Brief ("Resp.Br."), 37.
[3] *Consol. Edison v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206 (1938); *Teva Pharms. v. Eli Lilly*, 8 F.4th 1349, 1359 (Fed. Cir. 2021).

described and depicted in Samsung's Petition has a host of serious problems[4] including that it could not properly close when a sub-device 300 was sandwiched between main device 100a and cover 100b, as illustrated by the following:[5]



To find a "Figure A" teaching in Kim, the Board had to apply hindsight reconstruction and disregard Kim's teachings concerning how its watch embodiment is intended to operate.

Samsung alleges that the Board found that "Kim's broad disclosure includes the embodiment schematically represented by Figure A."[6] No such finding was made.[7] Moreover, any conclusion by the Board that Samsung's "Figure A" device was only

---

[4] Appx04296-04297; Appx04387-04388; Appx04478-04479; Appx04567-04568.
[5] Appx03944; Appx04028; Appx04111; Appx04194; Appx04296-04297; Appx04387-04388; Appx04478-04479; Appx04568-04569.
[6] Resp.Br., 39.
[7] See Appx00023-00024; Appx00091-00092; Appx00160-00161; Appx00229.

"representative" or "represented" by what Samsung set forth in its Petitions would beg the question of what substantial evidence the Board relied upon.

Moreover, if Samsung's theory for what the Board did is correct, then the Board's finding that Samsung's "Figure A" device is disclosed by Kim is exposed for its lack of substantial evidence. This is because the Board would have needed to modify hinge 100d used in Kim's watch-type devices (and described and depicted throughout Samsung's Petitions) to achieve this supposed "representative" and "broad disclosure" that Samsung advocates. Such modifications to Kim's actual disclosure are an obviousness theory.

What the Board actually did was fundamentally misinterpret Kim by finding, without support, that Kim teaches a watch-type embodiment with a sub-device sandwiched between the first and second bodies.[8] Gwee's Opening Brief explains how the Board inexcusably misinterpreted Kim's disclosure,[9] including because (1) Kim's Fig. 15B and its description of its Fig. 15B relied on by Samsung and the Board clearly and unambiguously disclose the sub-device being coupled to the outside, or top side, of the second body;[10] and (2) the whole point of the second body for Kim's watch-type embodiment is to act as a "cover" to close over the first body.[11]

Samsung's argument that substantial evidence for what Kim discloses is present in

---

[8] Appx00021-00022; Appx00089-00090; Appx00158-00159; Appx00228.
[9] Op.Br., 21-27.
[10] Appx02907, Fig. 15B; Appx02966-02967,¶¶260–261.
[11] Op.Br., 23-24; Appx00021-00022; Appx00089-00090; Appx00158-00159; Appx00228; Appx04280-04281; Appx04296-04297; Appx04370; Appx04387-04388; Appx04462; Appx04478-04479; Appx04552-04553; Appx04567-04568.

the Board's reliance upon Dr. Kiaei is meritless.  The only issue on which the Board credited Dr. Kiaei was whether Gwee had "conflat[ed]" Kim's disclosure of coupling member 510 on "at least one side" of the second body with Samsung's position that Kim discloses coupling the sub-device to "either" side of the second body."[12]

Samsung's Brief does not specify any testimony from Dr. Kiaei adopted or credited by the Board that allegedly provides substantial evidentiary support for Kim disclosing (or rendering obvious) a "Figure A" device.[13]  The Board's Decisions each cite four almost identical paragraphs from Dr. Kiaei's four Declarations.[14]  However, these paragraphs from the Kiaei Declarations do not provide substantial evidentiary support for the Board's erroneous conclusion that Kim discloses coupling the sub-device to "either" side of the second body.  First, neither in these paragraphs nor anything else in the Kiaei Declarations, especially anything the Board agreed with, has an opinion that Kim discloses coupling the sub-device to either side of the *second* body.  This was a lawyer argument by Samsung's counsel.[15]  The closest that Dr. Kiaei even arguably gets to such an opinion is when he quotes Kim's ¶260 verbatim and from it alleges in conclusory fashion that a POSITA "would have understood Kim…to further disclose detachably coupling a third body (*i.e.*, sub-device) in an overlapping manner to either the first body

---

[12] Appx00022-00023; Appx00090-00091; Appx00159-000160; Appx00227-000228.

[13] *See* Resp.Br., 42.

[14] Appx00023; Appx00779-00784,¶¶ 81–85; Appx00091; Appx00972-00975,¶¶ 83–87; Appx00160; 077; Appx01152-01156 ¶¶ 81–85; Appx00228; Appx01332-01335,¶¶ 83–87.

[15] Appx00404-00405; Appx00489-00490; Appx00573-00575; Appx00657-00659.

100a or the second body 100b of such a main device using coupling members 510 (as explained, for example, with respect to Figure 15B)."[16] But "*over*lapping" means being placed on top, not below.

The Kiaei Declarations do not provide substantial evidentiary support for the Board's conclusion that Kim's disclosure of coupling member 510 on "at least one side" should be interpreted as Kim disclosing coupling the sub-device to "either" side of the second body," for at least three reasons. First, as noted above, the Kiaei Declarations do not express that opinion. Second, even if the Kiaei Declarations did somehow express that opinion, it would merely be conclusory *ipse dixit* and not substantial evidence of what Kim actually discloses. Such conclusory expert testimony "does not qualify as substantial evidence."[17] Third, even if the Kiaei Declarations did somehow express that opinion or a related opinion allegedly relied upon by the Board, it would stand in direct contradiction to what Kim actually discloses, and thus such an "opinion" cannot constitute substantial evidence of what Kim actually discloses.[18] On this issue, Kim's ¶260 does not disclose coupling the sub-device to either side of the second body. Rather, it clearly and unambiguously discloses "*coupling the sub-device in an over lapping*

---

[16] Appx00761; Appx00951; Appx01133; Appx01311.

[17] *Intel v. Qualcomm,* 21 F.4th 784, 797 (Fed. Cir. 2021); *TQ Delta, LLC v. Cisco Sys.,*, 942 F.3d 1352, 1358 (Fed. Cir. 2019).

[18] *See, e.g., Rivera v. ITC,* 857 F.3d 1315, 1322 (2017); *Default Proof Credit Card Sys. v. Home Depot,* 412 F.3d 1291, 1302 (Fed. Cir. 2005)*; see also Phillips v. AWH,* 415 F.3d 1303, 1318 (Fed. Cir. 2005) (en banc) ("discount any expert testimony 'that is clearly at odds…with the…patent'").

*manner to the second body*," as depicted in Fig. 15B.[19]   Experts may be used to inform what is actually in a specification, but not to advance disclosures that are not in the specification.[20]

> **2.      Samsung fails to show substantial evidentiary support for the Board's finding that Kim renders obvious Samsung's "Figure A" device.**

Gwee's Opening Brief established that the Board expressed only two bases for its conclusion that it would be obvious for a POSITA to modify Kim's Figure 15B device in view of Kim's Figure 11B to arrive at Samsung's re-engineered "Figure A" device.[21]   The first is a statement in Kim's ¶179 that the Board misinterpreted (without substantial evidentiary support) as referring to combining physical embodiments, not control methods; and the second is that a POSITA "would have recognized that Kim's disclosure with respect to Figure 11B *could have been* adapted and applied to detachably couple sub-device 300 to the second body 100b of the watch-type embodiment in the manner shown in Figure A."[22]

Samsung's attempt to parse Kim's ¶179 is meritless.  The "embodiments" referred to in the second and third sentences of Kim's ¶179 are unmistakably the "embodiments

---

[19] Appx02966-02967,¶¶260–261.
[20] *See, e.g., Rivera,* 857 F.3d at 1322; *Default Proof Credit Card Sys.,* 412 F.3d at 1302.
[21] Op.Br., 34-35.
[22]   Appx00031-00032;    Appx00100-00101;   Appx00168-00169;   Appx00237-00238; Appx02960,¶179 (emphasis added).

for a control method" of the first sentence.[23]

Samsung inexplicably crops the Board's Decisions and alleges that the Board "credited Samsung's expert testimony that a POSITA 'would have recognized the feasibility and desirability of modifying [Kim's watch-type embodiment].'"[24]   To the contrary, what the Board actually wrote is that "Petitioner *argues* that a POSITA…would have recognized the feasibility and desirability of modifying the embodiment of Kim's Figure 15 to detachably couple sub-device 300 to the second body 100b using coupling members 510."[25]   The Board acknowledging Samsung's *argument* for the desirability of using coupling members 510 (*i.e.*, magnets)[26] is a far cry from the Board stating any motivation to modify Kim's disclosure to achieve Samsung's "Figure A" device.

**3.     Samsung's defense of the Board's abuse of discretion and APA violation in relying upon the re-engineered "Figure A" device from Samsung's Reply lacks merit.**

Gwee's Opening Brief establishes that the Board abused its discretion and violated the APA in concluding anticipation and obviousness based upon a re-engineered "Figure A" device asserted for the first time in Samsung's Replies.[27]   Samsung's Response

_____

[23] Appx02960, ¶179.
[24] Resp.Br., 46 (citing Appx24-25; Appx92-93; Appx161-162; Appx230).
[25] Appx24-25; Appx92-93; Appx161-162; Appx230 (emphasis added).
[26] Appx02962,¶203.
[27] Op.Br., 34-37.

focuses on the APA and does not seem to defend the Board's abuse of its discretion.[28]

Irrespective, at minimum the same errors by the Board in failing to ground its Decisions

in Samsung's Petitions constitute at least APA violations and abuses of discretion.

> ### 4. Samsung's argument that Gwee had "ample opportunity" to respond to Samsung's Reply misses that the Board's Rules prohibited Gwee from submitting rebuttal evidence.

Samsung argues that Gwee was allegedly "afforded ample opportunity to respond

to (and in fact did respond to)" Samsung's new arguments.[29]  However, the APA requires

that the Board "give all interested parties the opportunity to submit and consider *facts* and

arguments, and allow a party to submit *rebuttal evidence* as may be required for a full

and true disclosure of the facts."[30]  Despite these statutory requirements, and despite the

Board relying upon the new theories and arguments made in Samsung's Reply, the

Board's procedures prohibited Gwee from submitting a rebuttal expert declaration with its

Sur-reply.[31]  The Board has routinely stricken or refused to consider exhibits filed with a

sur-reply and portions of the sur-reply relying upon such exhibits.[32]  Further, the Board

---

[28] Resp.Br., 63-68.

[29] Resp.Br., 64-68.

[30] *EmeraChem Holdings v. Volkswagen*, 859 F.3d 1341, 1348 (Fed. Cir. 2017); *Dell v. Acceleron*, 818 F.3d 1293, 1301 (Fed. Cir. 2016); 5 U.S.C. §§ 554(b)-(c), 556(d).

[31] PTAB Consolidated Trial Practice Guide, 73; 37 C.F.R. § 42.23(b).

[32] *See, e.g., Google v. Mindbasehq*, IPR2021-01251, Paper 40, 2023 Pat. App. LEXIS 82, 65 (PTAB Jan. 6, 2023); *Mallinckrodt Pharm. v. Biovie*, IPR2018-00974, Paper 34 at 8-9 (PTAB Nov. 13); *Navistar v. Fatigue Fracture Tech.*, IPR2018-00853, 2019 Pat. App. LEXIS 13052, 57 (PTAB Aug. 29, 2019); *Cyanotech v. Board of Trustees*, IPR2013-

has consistently held that filing a motion to exclude improper reply theories or evidence is neither required to preserve objections, nor is it a procedure permitted by the Board.[33]

**5.      Samsung's attempt to recast its improper gap-filling as fair game for a Reply is meritless. The notion that Samsung should not have expected Gwee to note the glaring deficiencies in its "Figure A" device comprising hinge 100d is groundless.**

Samsung contends that its new hinge theory was properly made in response to Gwee's arguments in its Responses. [34]   This is incorrect.   As demonstrated in Gwee's Opening Brief, by abusing its discretion and violating the APA, the Board found (without any basis) that "Petitioner could not have anticipated that Patent Owner would argue for such a narrow view of Petitioner's Figure A representation."[35]   To the contrary, Samsung's Petitions specifically asserted hinge 100d throughout, including asserting that "a POSITA would have understood Kim to disclose…a watch-type main device compris[ing]…hinge 100d" as depicted in its "Figure A" device.[36]

---

00401, Paper 44 (PTAB June 6, 2014).

[33] *Google v. Visual Real Estate*, IPR2014-01340, Paper 38 (PTAB Feb. 25, 2016); PTAB Consolidated Trial Practice Guide, 79 ("Nor should a motion to exclude address arguments or evidence that a party believes exceeds the proper scope of reply.")

[34] Resp.Br., 64.

[35] Appx00027; Appx00096; Appx00164; Appx00233.

[36] Appx00412-00413; Appx00497-00498; Appx00583; Appx00667. *See also* Appx00410; Appx00412;    Appx00433;    Appx00448;    Appx00448;    Appx00451;    Appx00496; Appx00497;    Appx00519;    Appx00523;    Appx00524;    Appx00533;    Appx00534; Appx00537;    Appx00581;    Appx00583;    Appx00584;    Appx00594;    Appx00606; Appx00607;    Appx00608;    Appx00609;    Appx00618;    Appx00619;    Appx00622;

Samsung alleges that it used the "same theory" in its Petition and Reply.[37] To the contrary Samsung's clearly new reply theory for a reengineered "Figure A" device with a very different hinge configuration arose because Samsung's original "Figure A" arguments had fallen apart, resulting in a non-functional, highly impractical device that no one would design or use. Notably, the Board does not justify its Decisions based upon the "Figure A" depicted and described in Samsung's Petition. Since Samsung's Reply hinge theory is critical to Samsung's anticipation/obviousness case and to the Board's Decisions, it should have been presented in the Petition. The *Apple* and *Genzyme* cases cited by Samsung are inapplicable.[38]

Irrespective of the attempted justification, Samsung's gap-filling of its Petition with a new, re-engineered "Figure A" device and its new hinge configuration is not the type of responsive arguments and evidence allowed for IPR replies.[39] The most relevant question is whether Samsung could have presented a "Figure A" device comprising a hinge from Kim's Fig. 11B rather than hinge 100d from Kim's Fig. 15A. Samsung cannot deny that it could have asserted this theory in its Petition.[40]

---

Appx00665;   Appx00666;   Appx00668;   Appx00676;   Appx00678;   Appx00691; Appx00692; Appx00693; Appx00694; Appx00703; Appx00704; Appx00707.

[37] Resp.Br., 70.

[38] *See Apple*, 949 F.3d at 705-06; *Genzyme Therapeutic Prods. v. Biomarin Pharm.*, 825 F.3d 1360, 1366 (Fed. Cir. 2016).

[39] *See, e.g., Acceleration Bay v. Activision Blizzard*, 908 F.3d 765, 775 (Fed. Cir. 2018); *Intelligent Bio-Sys.,*, 821 F.3d at 1369.

[40] *Ariosa Diagnostics v. Verinata Health,* 805 F.3d 1359, 1367 (Fed. Cir. 2015); *see also Acceleration Bay*, 908 F.3d at 775.

Samsung's attempt to distinguish *Nuvasive* is unpersuasive.[41]   In *Nuvasive*, this Court reversed the Board's reliance on a figure raised by petitioner for the first time on Reply.[42] *Nuvasive* requires reversal.

Samsung's reliance upon *Andrea Electronics* is misplaced.[43] In *Andrea Electronics*, the reply relied upon the *same* algorithm from the same prior art reference.[44]   In contrast, Samsung's Reply relied upon a completely *different* hinge from Kim's Fig. 11B, which was materially different enough for the Board to use it to overcome the many flaws in Samsung's original "Figure A" device, such as the sub-device being unprotected by a lid which is unable to close.

Samsung's attempts to distinguish Gwee's other cited cases are also unpersuasive. Samsung could have chosen to assert the same re-engineered "Figure A" device in its Petition that it asserted in its Reply.  This would have permitted Gwee to address the theory with rebuttal evidence, including an expert declaration.

### 6.    Samsung's attempt to parse and spin the Board's Decisions as not reliant upon Samsung's re-engineered "Figure A" is meritless.

Samsung argues (without merit) that the Board's obviousness determinations are "supported by substantial evidence…even when discounting Samsung's arguments in its

---

[41] Resp.Br., 71; *see In re NuVasive*, 841 F.3d 966, 970 (Fed. Cir. 2016).

[42] *Nuvasive*, 841 F.3d 966.

[43] Resp.Br., 74; *see Apple*, 949 F.3d at 705-706.

[44] *Id*. at 706.

Replies."[45]    Samsung's only support for this argument is its assertion that the Board "cited exclusively to Samsung's Petitions for support of its determination."[46]    To the contrary, the Board's Decisions explicitly rely upon Samsung's Reply and they explicitly reject Gwee's objections to Samsung's Reply arguments for a modified hinge for Samsung's re-engineered "Figure A" device.[47]

The Board's finding that Samsung's re-engineered "Figure A" device set forth in Samsung's Reply is disclosed or obvious is foundational to all of the Board's unpatentability determinations.[48]    The Board's Decisions explicitly agreed with Samsung's Replies that instead of hinge 100d depicted and described in Samsung's Petitions, a POSITA would select an "appropriate hinge," and the Board relied upon Kim's Fig. 11B hinge from Samsung's Reply as being that "appropriate hinge."[49]    The Board had no basis for finding any claim unpatentable that was not reliant upon Samsung's re-engineered "Figure A" device comprising a newly "appropriate hinge" from Kim's Fig. 11B.[50]    Samsung's Brief admits that the Board relied upon use of a Figure 11B

---

[45] Resp.Br., 64.

[46] *Id.*

[47] Appx00026-00027; Appx00094-00095; Appx00163-00164; Appx00232-00233..

[48]  *See, e.g.*, Appx00033-00037, Appx00040-00042, Appx00047-00050, Appx00053, Appx00102-00105, Appx00108, Appx00110-00111, Appx00116-00117, Appx00120, Appx00123, Appx00170-00174, Appx00177-00179, Appx00185-00186, Appx00188, Appx00190, Appx00239-00240, Appx00243, Appx00246-00247, Appx00254-00257, Appx00258.

[49]  *See, e.g.,* Appx00026-00029; Appx00094-00096; Appx00163-00167, Appx00232-00235.

[50]  *See, e.g.*, Appx00033-00037, Appx00040-00042, Appx00047-00050, Appx00053,

folder-type hinge in order to find obviousness.[51]

In a somewhat similar vein, Samsung argues that this Court "need not reach this APA issue if it affirms on anticipation" because "the Board relied exclusively on arguments raised in Samsung's Petitions." This assertion is also incorrect. As a threshold matter, the Board did not find any challenged claims to be anticipated.[52] Presumably Samsung is attempting to draw a distinction between the Board's findings that a "Figure A" device was disclosed by Kim versus it being rendered obvious by Kim. However, the Board's reliance upon Samsung's re-engineered "Figure A" device, whether allegedly disclosed or obvious, is foundational to all of the Board's unpatentability determinations.[53] In particular, in its claim 1 analysis, the Board makes clear that Samsung's re-engineered "Figure A" device (found to be disclosed and obvious by the Board) is the "system" that meets all of the claim elements.[54]

Addressing anticipation specifically, the Board addressed Gwee's argument against anticipation that "a POSITA would not understand Kim to be advocating a Figure A

---

Appx00102-00105, Appx00108, Appx00110-00111, Appx00116-00117, Appx00120, Appx00123, Appx00170-00174, Appx00177-00179, Appx00185-00186, Appx00188, Appx00190, Appx00239-00240, Appx00243, Appx00246-00247, Appx00254-00257, Appx00258.

[51] Resp.Br., 43-45.

[52] Appx00066; Appx00067-00068; Appx00204; Appx00271.

[53] *See, e.g.*, Appx00033-00037, Appx00040-00042, Appx00047-00050, Appx00053, Appx00102-00105, Appx00108, Appx00110-00111, Appx00116-00117, Appx00120, Appx00123, Appx00170-00174, Appx00177-00179, Appx00185-00186, Appx00188, Appx00190, Appx00239-00240, Appx00243, Appx00246-00247, Appx00254-00257, Appx00258.

[54] Appx00034, 102; 171.

solution that did not allow the cover of the watch-type device to properly close due to sandwiching sub-device 300."[55]  In rejecting this argument, the Board wrote that "Patent Owner's arguments are premised on an overly limited view of the Figure A embodiment."[56]  Here and elsewhere, the Board is clearly relying upon Samsung's re-engineered "Figure A" device being disclosed by Kim, because it was uncontested that a watch-type device with hinge 100d could not close with a sandwiched sub-device. Further, the Board explicitly agreed with Samsung's Replies that instead of hinge 100d depicted and described in Samsung's Petitions, a POSITA would select an "appropriate hinge," and the Board clearly relied upon Kim's Fig. 11B hinge as being that "appropriate hinge."[57]  The Board had no basis for finding any claim unpatentable in the absence of reliance upon Samsung's re-engineered "Figure A" device. [58]

7.    **If Samsung is correct that the Board did not rely upon its re-engineered "Figure A" device, then it makes Gwee's case that the Board's unpatentability determinations lack substantial evidence.**

As noted in Gwee's Opening Brief, a watch-type device with a lid incapable of

---

[55] Appx00023.

[56] *Id.*

[57] *See, e.g.,* Appx00026-00029; Appx00094-00096; Appx00163-00167, Appx00232-00235.

[58] *See, e.g.,* Appx00033-00037, Appx00040-00042, Appx00047-00050, Appx00053, Appx00102-00105, Appx00108, Appx00110-00111, Appx00116-00117, Appx00120, Appx00123, Appx00170-00174, Appx00177-00179, Appx00185-00186, Appx00188, Appx00190, Appx00239-00240, Appx00243, Appx00246-00247, Appx00254-00257, Appx00258.

closing over a sandwiched sub-device (*i.e.*, the "Figure A" device depicted and described in Samsung's Petition) would fail to meet the requirement set forth in all '021, '077 and '320 patent claims for the case of the claimed switching device protecting the case of the claimed electronic device when coupled, and the requirement set forth in the '020 patent claims for the case of the claimed electronic device protecting the case of the claimed switching device when the devices are coupled.[59]  A lid that cannot close does not protect the device it cannot close over. Samsung's Brief does not explain how the deeply flawed "Figure A" device described and depicted in its Petition could possibly meet this claim element common to all four patents.

**B.    Samsung has not shown that Kim discloses a "switching device" when correct ordinary meaning is applied. When Gwee argued for ordinary meaning of "switching" device, it did not waive objection to the Board's incorrect determination of that ordinary meaning.**

*1.    Gwee did not waive its objection to the Board's incorrect implicit determination of the ordinary meaning of "switching device."*

Gwee's Opening Brief establishes that the Board erred in implicitly construing the "switching device" element to be met by the mere disclosure of Kim's change in its

---

[59] Op.Br., 28-29, 38; Appx0307, 22:1-2; claim 1; Appx0333, 22:6-7; claim 1; Appx0359, 22:16-17, claim 1; Appx00385, 22:16-17, claim 1; Appx03966-03970; Appx04051-04055; Appx04134-04138; Appx04216-04219.

"operation mode."[60]    When Gwee argued for the ordinary meaning of "switching device,"[61] it did not waive objections to the Board's incorrect determination of the term's ordinary meaning.

Samsung argues simultaneously that Gwee has not argued for a construction of this term on appeal and that Gwee's argued construction is waived.[62]   Neither of Samsung's arguments is correct.  What Gwee is appropriately arguing is that the ordinary meaning of "switching device" in the context of each respective patent is not met by the disclosure of a Kim device that merely causes a change in an "operation mode," for example a change in display characteristics.[63]   As noted in Gwee's Opening Brief, the Board's broad implicit construction of "switching device" to include Kim's devices merely causing a change in an "operation mode" (and here, an unspecified "operation mode") without there being any described *switching* does not align with the patent's disclosure and description of *switching* devices.[64] Rather, the Board's construction vitiates and renders superfluous the "*switching*" limitation in the described and claimed "switching device."[65] Under the Board's erroneous construction, any device that causes changes in an "operation mode" (and here an unspecified "operation mode") of another device is a switching device, without any regard to the nature, manner, or means of the change.  Samsung's Brief does

---

[60] Op.Br., 39-44.
[61] Appx3934; Appx4018; Appx4102; Appx4186.
[62] Resp.Br., 59.
[63] Op.Br., 39.
[64] *Id.*
[65] *Id.*

not dispute that Gwee has correctly stated the Board's implicit construction of "switching device." The Board's implicit construction is erroneous and should be reversed.[66]

Samsung's cited cases are inapplicable because they involve a party offering a construction for the first time on appeal. More on point are decisions that have reversed (or affirmed) constructions of ordinary meaning when the implicit constructions behind them are incorrect (or correct).[67]

### 2. Kim's operational mode changes, for example changing a display, do not provide substantial evidence of the "switching" aspect of a "switching device."

Including when the Board's improper implicit construction of "switching device" is not applied, substantial evidence of an alleged "Figure A" device including a "switching device" is lacking. The Board's analysis for the "switching device" element being met is conclusory and sparse, and it fails to disclose the "*switching*" aspect of a

---

[66] *See Raytheon v. Sony*, 727 Fed. App'x. 662, 673, 2018 U.S. App. LEXIS 8584, *23 (Fed. Cir. 2018); *Flex-Rest v. Steelcase,* 455 F.3d 1351, 1361 (Fed. Cir. 2006); *Merck v. Teva Pharms. USA*, 395 F.3d 1364, 1372 (Fed. Cir. 2005); *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1410 (Fed. Cir. 2004).

[67] *See, e.g*., *NuCurrent v. Samsung,* 2022 U.S. App. LEXIS 19409, 4-6 (Fed. Cir. July 14, 2022) (unpublished) (addressing argument that the Board's implicit construction was not ordinary meaning); *Microsoft v. FG SRC*, 860 Fed. Appx. 708, 714, 2021 U.S. App. LEXIS 18040, *13-16 (Fed. Cir. June 17, 2021) (unpublished) (approving Board's implicit construction); *Bradium Techs. v. Iancu*, 923 F.3d 1032, 1049 (Fed. Cir. 2019) (approving Board's implicit construction); *Beckmann v. Gandhi*, 646 Fed. Appx. 950, 961, 2016 U.S. App. LEXIS 7754, *28 (Fed. Cir. April 29, 2016) (unpublished) (approving Board's implicit construction); *In re Chuang*, 603 Fed. Appx. 941, 945(Fed. Cir. 2015) (approving Board's  implicit construction).

"switching device." In each decision, the Board quotes Kim's ¶195, which states that,

"when the sub-device 300 is coupled to the main device 100, the main device 100 may

automatically change its operation mode or an operation mode of the sub-device."[68] Also

in each decision, the Board then "afford[s] substantial weight" to the conclusory testimony

of Samsung's expert that a POSITA "would have understood" Kim's ¶195 "to disclose

that the main device changes ('switches') the state and/or operation of the sub-device

based on whether the two are coupled."[69]  Samsung's Brief relies upon the same wholly

conclusory testimony from Samsung's expert that the Board erroneously relied upon.[70]

Samsung's expert essentially says that Kim's device undergoes a change in operating

mode thus, for reasons unexplained, it is a switching device.[71]  Such conclusory expert

testimony relied upon by the Board "does not qualify as substantial evidence."[72]

---

[68] Appx00035, Appx00104, Appx00172, Appx00240; *see* Appx02962,¶195.

[69] Appx00035, Appx00104, Appx00172, Appx00241.

[70]    Appx00798-00799,¶105;    Appx00986-00987,¶103;    Appx01167-01168,¶101;
Appx01345-01346,¶101.

[71]    Appx00798-00799,¶105;    Appx00986-00987,¶103;    Appx01167-01168,¶101;
Appx01345-01346,¶101.

[72] *See Intel v. Qualcomm,* 21 F.4th 784, 797 (Fed. Cir. 2021); *TQ Delta v. Cisco,*, 942
F.3d 1352, 1358 (Fed. Cir. 2019).

**C.    Samsung's attempt to justify the Board's APA violation and lack of substantial evidence for what Kim allegedly "teaches or suggests" about on/off is meritless.**

**1.    Samsung's argument that Gwee invited the Board to use its own theory during argument on a different claim element is meritless.**

Gwee's Opening Brief establishes that the Board's conclusions on the "switching device" limitation being satisfied based on what Kim "teaches or suggests" about "turning on or off" violated the APA by substituting the Board's theory for Samsung's Petition (and Reply) theory.[73] Samsung fails to grasp that its Petition theories were that the "switching device" element was *met* by Kim's mere change in "operation mode" (for example, changing a display, in contrast to the Board's ambiguous footnote statements about what Kim "teaches or suggests" about "turning on or off.").[74] Samsung makes no substantive defense of the Board's substituting its own obviousness theory for Samsung's Petition anticipation theories that this element was met by different alleged functionality of certain Kim embodiments. Rather, Samsung alleges that Gwee invited the error. This is incorrect. Gwee's alleged "concession" during oral argument on the activation/deactivation element that it does not dispute that a device that turns another

---

[73] Op.Br., 44-48; *compare* Appx00035, fn. 15; Appx00104, fn. 13; Appx01172, fn. 14; Appx00241, fn 12, *with* Appx00418-00419; Appx00501-00502; Appx00587-00588; Appx00671-00672; Appx04810, n. 7; Appx04844, n. 7; Appx04878, n. 7; Appx04913, n. 7.

[74] Appx00418-00419; Appx00502; Appx00588; Appx00672.

device on/off is a "switching device" does not, as Samsung suggests, concede that any device which effects a mere change in "operational mode" is a switching device."[75] More importantly, Gwee's alleged concession did not give the Board license to come up with its own theory for the "switching device" element being satisfied. The Board's insertion of its own new theory in its Decisions is an APA violation.[76]

Also erroneous is the Board's ambiguous statement in each footnote that Kim "teaches or suggests" a switching device based upon a "turning on or off" functionality. "Suggests" is an obviousness theory. Samsung never asserted an obviousness theory on this basis.[77] The Board's use of "or" makes it ambiguous whether the Board deemed "switching device" to be met or rendered obvious by its new on/off theory. Samsung has no meaningful defense for this APA violation.[78]

---

[75] Resp.Br., 62.

[76] Op.Br., 46-48; 5 U.S.C. §§554(b)-(c), 557(c); *In re Magnum Oil Tools,* 829 F.3d 1364, 1381 (Fed. Cir.2016); *SAS*, 825 F.3d at 1351, 1356; *Dell*, 818 F.3d at 130;. *SAS Inst.*, 138 S. Ct. at 1356; *Sirona Dental Sys. v. Institut Straumann*, 892 F.3d 1349, 1356 (Fed. Cir. 2018).

[77]   Appx00418-00419;  Appx04810,  n.  7;  Appx00501-00502;  Appx00587-00588; Appx00671-00672; Appx04844, n. 7; Appx04878, n. 7; Appx04913, n. 7.

[78] *Alacritech v. Intel,* 966 F.3d 1367, 1370 (Fed. Cir. 2020).

**2.**    **The Board's theory for the '021, '077 and '320 IPRs that the "switching device" limitation is satisfied based on what Kim "teaches or suggests" about "turning on or off" lacks substantial evidentiary support because the Board is backward on which device is the "switching device." Samsung's vague citation to non-existent disclosure in Kim is unavailing.**

Gwee's Opening Brief established that the Board's conclusions in the '021, '077 and '320 IPRs that the "switching device" limitation is satisfied based on what Kim "teaches or suggests" about "turning on or off" lacks substantial evidentiary support.[79] This is because Samsung's and the Board's theory for unpatentability of the '021, '077 and '320 patent claims is that *main device* 100a/100b is the switching device and that sub-device 300 is the "electronic device."[80] In contrast, the theory expressed in the Board's footnotes is the *main device, i.e.*, the alleged *switching device*, being turned on or off by the electronic device.[81] This is the opposite of what the '021, '077 and '320 claims require.[82]

Samsung misapprehends the Board's Decisions. First, it alleges that the Board (in addressing the activation/deactivation element found elsewhere int the claims) "was persuaded by Samsung's showing in the '021, '077 and '320 IPRs that Kim teaches the

---

[79] Op.Br., 46; Appx02969,¶¶316-319 ("manipulate only the sub-device 300 to turn on or off power of the main device 100"); Appx02973,¶¶417-418 ("power of the main device 100 may be turned on or off by using a power key…provided at the sub-device.").
[80] Appx00102-00103; Appx00171-172; Appx00240-00241.
[81] Appx04844, n. 7; Appx04878, n. 7; 4913, n. 7.
[82] Appx00333, 22:6-7; Appx00359, 22:17-18; Appx00385, 22:17-18.

main device (switching device) turns off the sub-device (electronic device)."[83]  In support

of this, instead of citing to Kim, Samsung vaguely cites to multiple pages in its own

Petitions: "Appx110-115; Appx179-184; Appx248-253."[84]  The Board was never

"persuaded" by any such showing from Kim, because Samsung never made one and none

exists.[85]  Moreover, Samsung's Petition theory for "switching device" was different from

its Petition theories for activates/deactivates.

**D.    Samsung's attempt to defend the Board's conflicting and unsupported conclusions for the "plays…a remote device" element is meritless, and Samsung's attempt to dismiss the Board's error as a harmless typo is groundless.**

**1.    The Board's erroneous conclusion in the '077 IPR decision that the electronic device "plays or pauses a remote device" limitation is obvious is an APA violation and not a harmless typo.**

Gwee's Opening Brief establishes that the Board's conclusion in the '077 IPR

decision that the electronic device "plays or pauses a remote device" limitation is obvious

relied on an obviousness theory raised for the first time in Samsung's Reply, and it

constitutes an abuse of discretion and violation of the APA.[86] Samsung argues that the

---

[83] Resp.Br., 61.

[84] *Id.*

[85] *See* Appx110-115; Appx179-184; Appx248-253.

[86] Op.Br., 48-49.

Board's reliance upon this new obviousness theory was harmless error.[87]  Samsung argues in wholly conclusory fashion that the Board's obviousness theory was not an APA violation or an abuse of discretion, but these arguments lack any substance and, charitably construed, appear to be based upon Samsung's harmless error theory.[88]  For the reasons stated in Gwee's Opening Brief, the Board's obviousness determination for this element indeed an APA violation and an abuse of the Board's discretion.[89]

Samsung's harmless error argument is premised on its erroneous contention that the "Board's analysis and the evidence…demonstrates that the Board found in the '077 IPR that Kim actually discloses this limitation."[90]  To the contrary, the Board appreciated that ¶¶342–344 of Kim, which Samsung's Petition relied on, were not a disclosure for the watch-type embodiment.[91]  The Board wrote that, "[a]s we explain above, we determine that Kim discloses combining embodiments."[92]  Combining embodiments, even the "control methods" referenced in Kim's ¶¶342–344, is an obviousness theory.[93]  Based upon this "combining" theory, the Board determined that "it would have been obvious to combine Kim's teachings of the watch-type sub-device ('the electronic device') playing a

---

[87] *Id.*

[88] *Id.*

[89] Op.Br, 49-52.

[90] Resp.Br., 77.

[91] Appx00184-00185.

[92] Appx00184.

[93] *See, e.g., Microsoft v. Biscotti,* 878 F.3d 1052, 1069 (Fed. Cir. 2017) ("a prior art reference must provide every element of the claimed invention arranged as in the claim in order to anticipate"); *Karsten Mfg. v. Cleveland Golf*, 242 F.3d 1376, 1383 (Fed. Cir. 2001).

remote device."[94] The Board explicitly used an obviousness theory to combine different embodiments in Kim, and it applied one.

Samsung's reliance upon the different '320 IPR Decision as being "instructive" is misplaced. Samsung's argument is built on its premise that the '320 patent has "analysis that is nearly identical" and a "practically identical claim limitation."[95] As Samsung admits, these things are not identical.

Samsung's reliance upon *ThermoLife* and *Watts* is misplaced.[96] In *ThermoLife*, the Board's isolated statement was addressing a different issue, and it did "not apply to the Board's ultimate finding."[97] In *Watts*, the Board had omitted citing the Gephardt reference for meeting the I/O limitation of claims 21 and 23, but it had cited Gebhardt as meeting the same limitation for numerous other claims with the same element, and the patentee had not independently argued patentability of claims 21 and 23 apart from those other invalidated claims.[98] Under the unique facts of that case, there was harmless error.[99]

Importantly, the '077 IPR Decision was authored by a different ALJ than the '320 IPR Decision (indeed the '077 IPR Decision was the only one authored by that ALJ).[100]

## 2.    Samsung's attempt to defend the Board's finding in the '320 IPR

---

[94] Appx00185.

[95] Resp.Br., 77-78.

[96] Resp.Br., 78-79; *In re ThermoLife*, 796 F. App'x 726, 732-33 (Fed. Cir. 2020); *In re Watts*, 354 F.3d 1362, 1369 (Fed. Cir. 2004).

[97] *In re ThermoLife*, 796 F. App'x at 732.

[98] *In re Watts*, 354 F.3d at 1369-70.

[99] *Id.* at 1370-71.

[100] Appx00001; Appx00069; Appx00138; Appx00206.

**decision that Kim's watch-type electronic device "plays or pauses a remote device" misses that combining embodiments is an obviousness theory.**

Hedging its waiver argument, Samsung contends there is substantial evidence of Kim disclosing that the alleged electronic device–under Samsung's '320 IPR theory, Kim's sub-device 300–"plays or pauses a remote device."  However, the Board's '320 IPR decision acknowledges that Samsung had not relied upon Kim's watch type embodiment to meet this claim limitation,[101] thus at least tacitly admitting the element is not met by Kim.

As discussed in Gwee's Opening Brief, the Board's theory in this '320 IPR decision was that Kim's "different embodiments can be combined" to achieve Samsung's "Figure A" device playing a sub-device.[102]  Samsung fails to appreciate that when the Board "combined" the music/video playing abilities of Kim's bar-type device depicted in Fig. 31 with Samsung's watch-type "Figure A" device, this is an obviousness theory.[103] The Board's conclusion that this element is "met" by Samsung's "Figure A" device lacks substantial evidentiary support, including because the Board (improperly) relied upon an obviousness theory not contained in Samsung's Petition or Reply.

Finally, Samsung's reliance upon its expert for substantial evidence is misplaced,

_____

[101] Appx00253; *see* Appx00689-00690.
[102] Appx00252-00253.
[103] *See, e.g., Microsoft,* 878 F.3d at 1069; *Karsten Mfg.*, 242 F.3d at 1383.

including because it is neither a valid expert opinion nor substantial evidence for an expert to argue that combining elements is an anticipation theory and not an obviousness theory.

**E.    Samsung's attempt to defend the far-fetched Kim-Koh combination is meritless, it misinterprets Gwee's alleged "concession," and it cannot change the fact that the Board merely "considered" Samsung's arguments and failed to articulate a motivation to combine.**

Gwee's Opening Brief establishes that the Board lacked substantial evidentiary support for a motivation to make the far-fetched asserted combination of Kim and Koh.[104] Samsung's apparent perception of this court being a rubber stamp on obviousness is unwarranted.[105]

Samsung alleges that Gwee "effectively concedes" motivation to combine.[106] This lacks merit for two reasons.  First, the Board made no such finding. Second, Gwee's Opening Brief asserted that, "*[i]f* a POSITA were to combine the teachings of Kim and Koh (*notwithstanding* losing Kim's desirable top screen…the resulting arrangement would more *plausibly* be" a completely different arrangement that does not meet the claim requirements.[107]  The key words are "if," "notwithstanding," and "more plausibly,"

---

[104] Op.Br., 51-53.
[105] *See, e.g., Honeywell Intern. v. Mexichem Amanco Holding*, 865 F.3d 1348, 1356 (Fed. Cir. 2017); *In re Giannelli*, 739 F.3d 1375, 1380 (Fed. Cir. 2014).
[106] Resp.Br., 49.
[107] Op.Br., 57-58.

which stops short of conceding plausibility of Samsung's combination. Samsung misses that for motivation to combine, the pertinent inquiry is whether a POSITA would have been "motivated to combine the prior art *to achieve the claimed invention*."[108]

Samsung erroneously alleges that that the Board "recognized" motivation to combine "in the configuration proposed by Samsung."[109] Samsung cites: "Appx59; Appx129; Appx198; Appx266," wherein the Board is stating that Gwee's alternate configuration, which would at least arguably accord with Kim and Koh's purposes, does not show that the "combination proposed by Petitioner is not sufficient."[110] However, this is not an articulation of any motivation to combine. Nothing in the Board's Decisions constitutes a "recognizing" or statement by the Board of a motivation to combine Kim and Koh, including in the manner alleged by Samsung.

Next Samsung argues that the Board cited Dr. Kiaei's testimony that a POSITA would have been motivated to look to Koh for additional details regarding techniques for detachably coupling an earphone to a watch-like device.[111] However, whether a POSITA might "*look to Koh*" for inspiration is not substantial evidence that a POSITA would have been motivated to *combine* Kim and Koh in the manner alleged by Samsung and noted in the Board's Decisions.

---

[108] *TQ Delta v. Cisco*, 942 F.3d 1352, 1357 (Fed. Cir. 2019).
[109] Resp.Br., 51.
[110] *Id.,* 52.
[111] *Id.*

Samsung also cites the Board's alleged rejection of certain of Gwee's arguments.[112] However, none of this states any motivation to combine relied upon by the Board, and such vague statements are not substantial evidence of a positive motivation to combine.

Samsung asserts that the "Board clearly referenced Samsung's arguments regarding the Kim-Koh combination, as well as Samsung's supporting evidence, and it adopted those arguments and evidence as its own."[113]  This assertion and its implication are demonstrably false.  Samsung's support for this is at its footnote 135, which merely states that the Board "considered" the parties' arguments.[114]

It is not surprising that the Board was unable to articulate any motivation to achieve Samsung's far-fetched combination.  As explained in Gwee's Opening Brief, the mental gymnastics required by the Board's Kim-Koh combination are unsurmountable, and are graphically depicted as follows:

---

[112] Resp.Br., 54.
[113] Resp.Br., 54.
[114] Resp.Br., 54, fn. 135.



Samsung's "Figure A" device

Samsung's "Figure A" device

Samsung's Kim-Koh combination

As set forth in detail in Gwee's Opening Brief, even if the Board agreed with Samsung's "contentions" (though the Board never said as much), the steps required to achieve the asserted Kim-Koh combination leave the Board with no substantial basis to support its conclusion.[115]  For example, the Board would have needed to start a with fictional "Figure A" device having a **dual-screen watch** with a third screen sandwiched between the dual-screens, and then combine it with Koh's device, which has a single removable earpiece on the **exterior** surface, to arrive at a **single screen watch** with dual earpieces on the **interior**

---

[115] Op.Br., 53-55.

of its cover.[116] Among other things, Samsung and the Board's arrangement sacrifices modularity, defeats the look-through functionality of the TOLED screen depicted in Kim's Figure 15A watch, eliminates the desired dual-display capability of Kim's Fig. 15A watch and of Samsung's fictional "Figure A" device, defeats Koh's desired easy access to an earpiece, defeats Koh's desired ability to see time, battery level and status on the earpiece's screen when the earpiece is placed in its holder, and the alleged combined device would be exceedingly difficult to use, if usable at all.[117]

### III.   CONCLUSION AND PRAYER FOR RELIEF

This Court should reverse or vacate the Board's Decisions, enter Judgment for Gwee, and award the other relief requested in Gwee's Opening Brief and herein.


April 5, 2023                              Respectfully submitted,

Alistair B. Dawson                        */s/ John J. Edmonds*
Parth S. Gejji                            John J. Edmonds
BECK REDDEN LLP                           Stephen F. Schlather
1221 McKinney St., Suite 4500             EDMONDS & SCHLATHER, PLLC
Houston, Texas 77010-2010                 2501 Saltus Street
Telephone: (713) 951-3700                 Houston, Texas 77003
Facsimile: (713) 951-3720                 Telephone: (713) 364-5291
                                          Facsimile: (713) 222-6651

                                          *Counsel for Appellant,*
                                          *GUI Global Products, Ltd. d/b/a Gwee*

---

[116] Appx00055-00061; Appx00125-00130; Appx00194-00199; Appx00262-00267.
[117] Appx02982,¶33; Appx02983,¶47; Appx04336-04337,¶¶108-109; Appx04605,¶103; Appx04607-04609,¶¶106-107; Appx04610- Appx04611,¶¶109-110.

**Certificate of Service**

I, John J. Edmonds, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

On April 5, 2023, a copy of the foregoing Reply Brief for Appellant was filed electronically with the Clerk of the Court using the CM/ECF System, which will serve via electronic mail notice of such filing to all counsel registered as CM/ECF users.

Upon acceptance by the Court of the electronically filed document, six paper copies will be filed with the Court via courier within the time provided by the Court's rules.

April 5, 2023                    /s/ *John J. Edmonds*
                                John J. Edmonds

                                EDMONDS & SCHLATHER, PLLC

## Certificate of Compliance with Type-Volume Limitation, Type-Face Requirements, and Type-Style Requirements

1.     This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 28.1(e)(2)(A), because it contains 6,958 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii) and Federal Circuit Rule 32(b).

2.     This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word, in 14 Point Times New Roman.

Dated: April 5, 2023                 /s/ *John J. Edmonds*
                                     John J. Edmonds

                                     EDMONDS & SCHLATHER, PLLC